JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal, appellant, Scott Schmuck ("appellant"), appeals the court's order granting divorce, including spousal support, child support, and child custody, to appellee, Kimberly Schmuck ("appellee"), and also appeals the court's order denying his motion for relief from judgment.
 {¶ 2} Appellee filed her complaint for divorce, motion for child support and alimony pendente lite, motion for restraining orders, and for other equitable relief on September 2, 2004. Service was sent to appellant by certified mail, which receipt was returned to the court with appellant's signature dated September 10, 2004. Appellant filed his answer to appellee's motion for support pendente lite on September 24, 2004. On October 6, 2004, the court docket shows the following:
 {¶ 3} "Complaint for divorce came back from address 14480 Sheldon Brookpark Ohio 44142 . . . filed."
 {¶ 4} The record reveals that this entry was appellant's handwritten answers to the appellee's complaint, attached with a separate typewritten page indicating appellant's answers to the various allegations in the complaint, signed and officially notarized. Three of the five answers to appellee's allegations are "denied;" however, appellant failed to provide the court with a proof of service. On November 5, 2004, the court set the complaint for an uncontested hearing on December 7, 2004. After the uncontested hearing at which appellant was not present, the court issued its final divorce decree, granting divorce to appellee, and awarding child custody, spousal support, and child support to appellee.
 {¶ 5} Upon learning of the uncontested hearing and the divorce decree, appellant filed a motion for relief from judgment. The court denied his motion. Appellant appeals both the court's divorce decree and the court's denial of his motion for relief from judgment, which have been consolidated here.
 I. {¶ 6} Appellant argues, in his first assignment of error, that the court erred when it proceeded with an uncontested hearing. In particular, appellant maintains that the court should not have set or conducted an uncontested trial because he filed an answer to appellee's complaint. He also argues, in his second assignment of error, that the court violated his due process rights by proceeding with the uncontested hearing without giving him notice.
 {¶ 7} First, Civ.R. 5(D) provides in pertinent part:
 {¶ 8} "Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."
 {¶ 9} The court properly ignored appellant's answer because it lacked a proof of service and appellant did not provide the court with a separate proof of service. Without proof of service, the court was precluded from considering appellant's answer.
 {¶ 10} The court, however, erred when it set appellee's complaint for an "uncontested trial," as such "ex parte trials" are reserved for those occasions when the defendant answers the complaint but fails to appear for trial. Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 122, 502 N.E.2d 599. Here, appellant did not answer the complaint and the court should have proceeded to (or appellee should have moved for) default. An ex parte trial, which requires "affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof." Id. The Ohio Supreme Court further explained:
 {¶ 11} "It is clear that any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58, and not a default judgment under Civ.R. 55. Because Civ.R. 55 is by its terms inapplicable to ex parte proceedings, the notice requirement of Civ. R. 55(A) [is] not applicable. . . ." Id.
 {¶ 12} Civ.R. 55(A) provides in pertinent part:
 {¶ 13} "If the party against whom default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 14} Appellant did not appear in the action because his answer to appellee's complaint failed to provide a proof of service and his answer to appellee's motion for support pendente lite failed to provide the date upon which service was issued. Both "answers" were properly not considered by the court and constituted appellant's nonappearance in the action. His failure to appear did not trigger the notice requirements of Civ.R. 55(A). Nonetheless, the court improperly proceeded with an ex parte hearing on the issues of divorce, child custody, child support, and alimony when it should have rendered a default judgment against appellant for failure to appear in the action. While appellant's second assignment of error is overruled because he was not entitled to notice, the court erred by proceeding with an ex parte trial (or "uncontested trial"). Thus, appellant's first assignment of error is sustained.
 II. {¶ 15} For his third assignment of error, appellant argues that the court erred when it denied his motion for relief from judgment. In particular, he contends that his motion for relief from judgment contains meritorious defenses to appellee's claims, that he is entitled to relief under Civ.R. 60(B)(1) or (5) because he filed, pro se, a responsive answer to appellee's complaint, and his motion was timely. Appellant's argument has merit.
 {¶ 16} Civ.R. 60(B) provides as follows:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 18} Although appellant's "answer" was not considered by the court, his failure to provide proof of service is excusable neglect, especially since he was not represented by counsel and, at least, he filed his rudimentary "answer" with the court in a timely manner. This situation is dissimilar to those situations where the defendant fails to make any effort to respond to the plaintiff's complaint or directly ignores the time period in which to respond. Appellant should not be punished simply because he is representing himself.
 {¶ 19} In addition, appellant asserted a meritorious defense — that the court's divorce decree, which divided the marital property, was not equal to both parties, as appellee was awarded much more than half of the marital property. The unequal division of the marital property, coupled with the court's proceeding with an uncontested trial despite appellant's flawed attempt to appear in the action, requires this court to sustain appellant's third assignment of error, reverse the court's denial of his motion for relief from judgment, and remand the matter to the court for further proceedings.[1]
Judgment reversed and remanded for further proceedings.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs in judgment only.
 Cooney, J., concurs in judgment only with separate concurring opinion.
[1] Appellant's fourth, fifth, sixth, and seventh assignments of error pertain to the divorce decree and, in particular, the division of marital property, the allocation of parental rights and responsibilities, the determination of spousal support, and the determination of child support. We will not address appellant's fourth, fifth, sixth, and seventh assignments of error, as they are subsumed in this court's analysis and conclusion of appellant's third assignment of error.
 CONCURRING OPINION