[Cite as *Deutsche Bank Natl. Trust Co. v. Lagowski*, 2012-Ohio-1684.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO, ETC., | ) ) | CASE NO. 10 BE 28 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ROGER LAGOWSKI, Jr., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas Court, Case No. 08 CV 326.

JUDGMENT:       Affirmed in Part, Reversed in Part and Remanded.

APPEARANCES:
For Plaintiff-Appellee:       Attorney Charles R. Janes
Attorney Matthew Richardson
Manley, Deas, Kochalski, LLC
P.O. Box 165028
Columbus, OH  43216-5028

For Defendant-Appellant:       Attorney Don A. Yanerella
403 Board of Trade Building
80 -12th Street
Wheeling, WV  26003

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: March 30, 2012

DeGenaro, J.

**{¶1}** Defendant-Appellant, Roger Wayne Lagowski, Jr., appeals the November 18, 2010 decision of the Belmont County Common Pleas Court, overruling his motion to vacate the default judgment of foreclosure entered in favor of Plaintiff-Appellee, Deutsche Bank National Trust Company. Lagowski first asserts that the trial court erred in finding that he failed to file an answer because he did not comply with Civ.R. 5. Second, he argues that the court abused its discretion in denying his motion to vacate the default judgment. Lagowski's arguments are meritorious in part. Lagowski's answer did not contain a certificate of service, and the trial court could not consider his answer pursuant to Civ.R. 5(D). However, the trial court erred by denying his motion to vacate the default judgment. Lagowski had entered an appearance in the action and was entitled to notice of the motion for default judgment. And the trial court made Lagowski prove his meritorious defense, when he was only required to state one in order to obtain Civ.R. 60(B) relief. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and this cause is remanded for further proceedings.

## Facts and Procedural History

**{¶2}** On July 3, 2008, Deutsche Bank filed a complaint for foreclosure against several defendants, including John Sochor and his wife, and the unknown spouse (if any) of Roger Wayne Lagowski. It stated that Sochor executed a promissory note and mortgage in connection with the execution of the note, which conveyed to Deutsche Bank an interest in the property at 55643 High Ridge Road, Bellaire, Ohio, 43906 ("the property"). Deutsche Bank asserted that Sochor was in default of the terms of the note and the mortgage, owing $222,658.42, plus interest on the outstanding principal balance at the rate of 8.99% per annum from February 24, 2008.

**{¶3}** On August 13, 2008, Deutsche Bank filed a motion to add Robert Wayne Lagowski, Jr. ("Robert Lagowski") as a defendant because it learned that he has or may claim an interest in the property. Deutsche Bank was attempting to add Lagowski, but referred to him as "Robert" in the motion instead of his correct name, "Roger." The trial court granted this motion on August 14, 2008.

**{¶4}** On November 3, 2008, Deutsche Bank filed a motion for summary judgment

against Sochor and his wife and a motion for default judgment against Robert Lagowski for failure to file an answer or other responsive pleading. On December 11, 2008, the court issued a judgment entry granting Deutsche Bank's motion for summary judgment. The court also granted default judgment against Robert Lagowski and entered judgment in favor of Deutsche Bank.

{¶5} On April 13, 2009, Lagowski filed a pro-se motion for continuance, requesting that the court continue the proceedings because he was currently seeking counsel to represent him in the matter and sought to explore issues of proper service of process. He stated that the sale was against Sochor, but it affected his property rights.

{¶6} On April 27, 2009, Deutsche Bank filed a motion to add Roger Wayne Lagowski, Jr. as a defendant pursuant to Civ.R. 21. A summons and complaint was sent to Lagowski via private process server on April 27, 2009. On May 12, 2009, the court issued an order adding Roger Wayne Lagowski, Jr. as a defendant. On that same date, the summons and complaint were sent to Lagowski via certified mail.

{¶7} On May 26, 2009, Lagowski filed an answer pro-se, in which he asserted affirmative defenses to the complaint. His answer included a cross-claim against Sochor and his wife, claiming that he had a valid deed from Sochor and his wife for the property and that Sochor breached their agreement with regard to the property. Although this answer was time-stamped by the Clerk of Court, it did not contain a certificate of service.

{¶8} In June of 2009, Sochor filed for bankruptcy, and the trial court stayed the case pending further proceedings.

{¶9} On September 25, 2009, Lagowski filed a pro-se objection to the motion to add him as a defendant, requesting that any litigation be brought directly against him. He claimed that he had not had the opportunity to participate in the action nor had the opportunity to consider claims against other parties or to seek legal counsel. This motion contained a certificate of service, but did not state that Deutsche Bank's counsel was served.

{¶10} On September 28, 2009, the trial court reinstated the case to the active docket.

**{¶11}** On March 11, 2010, Deutsche Bank filed a motion to vacate judgment and decree of foreclosure because it needed to perfect service before it could obtain judgment. On that same date, Deutsche Bank filed a motion to dismiss Robert Lagowski as a defendant pursuant to Civ.R. 21. On March 16, 2010, the court issued an order vacating the judgment entry foreclosing Deutsche Bank's mortgage, and another order dismissing "Robert Wayne Lagowski, Jr." as a defendant.

**{¶12}** On March 23, 2010, Lagowski filed a pro-se motion for reconsideration and/or rehearing, asking for reconsideration to the trial court's March 16, 2010 order dismissing "Robert Wayne Lagowski" from the case. He argued that he held the deed to the property, but he was dismissed as not having any interest in the property. He alleged that Sochor improperly transferred the deed around 2004 and received a loan on the property. He contended that Deutsche Bank never investigated Sochor's ownership of the property and failed to discover the improper deed. Lagowski sought to be brought back into the litigation to defend his property rights. A certificate of service was attached to this motion, showing that Lagowski served Deutsche Bank's attorney.

**{¶13}** On March 29, 2010, Deutsche Bank filed a motion for summary judgment against Sochor and his wife, and a motion for default judgment against Lagowski for failure to file an answer or other responsive pleading to its complaint, which was served upon Lagowski by private process service on April 27, 2009.

**{¶14}** On March 31, 2010, the court issued a judgment entry and decree in foreclosure, granting Deutsche Bank's motion for summary judgment and motion for default judgment against Lagowski.

**{¶15}** On April 13, 2010, Lagowski filed a pro-se response in opposition to Deutsche Bank's motion for default judgment.

**{¶16}** On April 21, 2010, Lagowski filed a pro-se motion to set aside the default judgment entered on March 31, 2010. He alleged that the trial court entered the judgment two days after Deutsche Bank filed its default judgment motion, and he had no opportunity to respond or be heard at a hearing pursuant to Civ.R. 55. He further contended that he answered the complaint on April 7, 2010 and filed a response in

opposition to the default judgment on April 13. Lagowski requested a hearing on his motion and a hearing to address the issues in Deutsche Bank's default judgment motion.

{¶17} The appearance docket shows that Lagowski did file an answer on April 7, 2010.

{¶18} On April 28, 2010, Deutsche Bank filed a memorandum contra to Lagowski's motion to set aside default judgment, arguing that Lagowski was the current titleholder to the property, not the borrower in the foreclosure proceeding. The property was liened by Deutsche Bank's valid first mortgage, which was in default and Deutsche Bank had already obtained judgment against Sochor, the borrower in this action. It claimed that Lagowski was served with a copy of the complaint on April 27, 2009 but failed to file an answer until April 7, 2010, without leave of court and after the trial court had entered default judgment against him. It further alleged that Lagowski's attempts to oppose the default judgment motion were taken after the trial court had granted the default judgment. Furthermore, it noted that Lagowski failed to identify any basis for relief from judgment under Civ.R. 60(B) nor had he produced any operative facts satisfying the three *GTE* requirements. *GTE Automatic Elec., Inc. v. ARC Industries, Inc*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Finally, Deutsche Bank argued that in the year since Lagowski was served with process, he had failed to advance any defense against its complaint.

{¶19} Meanwhile, the matter came for a hearing on Lagowski's motion to vacate judgment, but the trial judge subsequently recused herself from the case and transferred it to Judge John Solovan.

{¶20} On September 27, 2010, the case came before the court for an oral hearing on Lagowski's motion to set aside default judgment. Counsel for Deutsche Bank and Sochor attended this hearing, as well as Lagowski's counsel, who he had recently retained. The court accepted a stipulation that Lagowski had an interest in the property when Deutsche Bank filed the complaint.

{¶21} On direct examination, Lagowski confirmed that he received a copy of the complaint in May of 2009. He testified that he filed his answer to this complaint with the

Clerk's Office of the Common Pleas Court and he served his answer on Deutsche Bank's attorney. He explained that he must not have stapled the certificate of service to his answer.

{¶22} The court then questioned Lagowski. He explained that he served Deutsche Bank and the other defendants via regular mail possibly on the same day he filed his answer, but he did not have the copy of the certificate of service with him.

{¶23} Lagowski explained that he and Sochor both worked in construction, and Sochor had done some work on his house. He asserted that Sochor falsely executed a deed for the property, received a loan for it, and then transferred the property back to him. Lagowski understood he was charging Sochor with a crime but said that he had no proof that it happened. He later stated that other than his testimony, the deed was evidence that Sochor fraudulently acquired it. However, Lagowski admitted that he had not yet obtained a handwriting expert. Finally, the court asked Lagowski if there was anything else he wanted to tell the court regarding evidence to prove his claim, and he responded, "To prove this claim? I don't have that. I haven't gone that far yet."

{¶24} On cross examination from Deutsche Bank, Lagowski testified that he was not contesting Deutsche Bank's mortgage. He learned about the mortgage from Sochor in early 2006, but had not taken any action to contest it other than speaking with Deutsche Bank's attorney and explaining the situation. When asked if he had any evidence to defend against the complaint, he answered that if he were given a chance to gather evidence, he believed that he could produce other evidence.

{¶25} On cross examination from Sochor's counsel, Lagowski testified that he had attempted to serve him, but it was returned to sender. He believed he had that return envelope, but he did not have it presently with him. He indicated that he spoke with Sochor's counsel a few months ago and explained that the answer was returned.

{¶26} Lagowski testified that he learned about his property being deeded to Sochor because Sochor told him that he had obtained a mortgage on the property. Sochor said he would pay him back if he did not pursue legal action, and Lagowski thought that was a verbal agreement. He explained that his cross-claim where he alleged

that Sochor breached their agreement referred to this verbal agreement. Sochor then transferred the deed back to Lagowski. The court asked Lagowski whether he understood that he just admitted to accepting Sochor's representation that he would pay back the money if Lagowski forgot about Sochor defrauding the bank. Lagowski replied that he probably should have contacted the law, but Sochor explained the situation and Lagowski believed him and was trying to be nice. However, on redirect, he claimed that he eventually did contact the Belmont County Sheriff's Department about Sochor's actions.

**{¶27}** Counsel then presented final arguments. Lagowski's counsel asserted that he had complied with the requirements of Civ.R. 60(B) and was entitled to relief from judgment due to excusable neglect. Deutsche Bank's counsel stated that he had not seen Lagowski's May 26, 2009 answer before, and he renewed his earlier motion to strike that pleading. He argued that vacating judgment would be futile because Deutsche Bank would file a summary judgment motion and the court would grant the motion because Lagowski admitted he has no defense to the complaint.

**{¶28}** The court then swore in Deutsche Bank and Sochor's attorneys. Deutsche Bank's counsel testified that he never received a copy of the May 26, 2009 answer. He further testified that he spoke with Lagowski several times by phone around the time Deutsche Bank served him with the complaint, which was 18 months ago. He believed that Lagowski was attempting to obtain free legal advice, and he advised him to hire legal counsel. Deutsche Bank's counsel stated that Lagowski did not mention that he had filed an answer. Sochor's counsel also testified that he had not seen the answer before.

**{¶29}** On September 30, 2010, Lagowski filed a supplement to his motion to vacate. He attached a copy of his certificate of service to parties including Deutsche Bank's counsel, which was dated May 26, 2009.

**{¶30}** Deutsche Bank responded to Lagowski's supplement to his motion to vacate on October 6, 2010, arguing that the trial court was barred from considering Lagowski's answer pursuant to Civ.R. 5(D). Further, it contended that Lagowski's Exhibit A, the copy of the certificate of service, was not authenticated with an affidavit and was thus

inadmissible. On October 13, 2010, Lagowski filed a reply to Deutsche Bank's response, alleging that Deutsche Bank's response attempted to shift the burden of proof onto him; however, it had the burden to prove it had a valid lien on the property.

{¶31} On November 18, 2010, the trial court issued a judgment entry overruling Lagowski's motion to set aside default judgment and supplement to motion to vacate judgment, and affirming the March 31, 2010 judgment entry and decree of foreclosure sustaining Deutsche Bank's motion for default judgment against Lagowski. The entry also stated that the sale of the property should proceed on that same date.

{¶32} The trial court found that Lagowski was served process on April 27, 2009, and he filed an untimely answer and cross-claim without a certificate of service on May 26, 2009, thereby failing to comply with Civ.R. 5(B) and (D). The court held that, as a matter of law, it was unable to consider Lagowski's answer to the complaint when it properly entered default judgment against him on March 31, 2010. The court further stated that Lagowski's answer subsequently filed on April 7, 2010 did not cure his failure to file a timely answer.

{¶33} Regarding Lagowski's motion to set aside default judgment and supplemental motion to vacate judgment, the court held that Lagowski was not entitled to relief from judgment under Civ.R. 60(B) because he failed to satisfy all three *GTE* requirements. The court found no basis to vacate judgment because Lagowski admitted at the September 27, 2010 hearing that he had no defense to Deutsche Bank's complaint and did not contest the validity of its mortgage. The court found that while Lagowski contended that Sochor committed fraud, he failed to plead fraud with specificity, such that the court could not consider his claim as an affirmative defense under Civ.R. 9(B). Further, the court found that Lagowski failed to establish excusable neglect pursuant to Civ.R. 60(B)(1). It noted that although Lagowski was advised to obtain counsel, he failed to do so until the September 27, 2010 hearing, and that while he produced a copy of the certificate of service, this exhibit was not authenticated via testimony or affidavit and could not be admitted. Moreover, the exhibit was not relevant to the fact that Lagowski did not file the certificate of service in accord with Civ.R. 5(A) and (D).

## Compliance with Civ.R. 5

**{¶34}** In Lagowski's first of two assignments of error, he argues:

**{¶35}** "The Trial Court abused its discretion in ruling that the Defendant/Appellant did not file an Answer on May 26, 2009 as a result of his failure to comply with Civil Rule 5(B)."

**{¶36}** Lagowski initially argues that the trial court erred in failing to consider his May 26, 2009 answer and subsequently entering default judgment against him for failure to file an answer or other responsive pleading. In response, Deutsche Bank contends that Lagowski waived this argument because he did not timely appeal from the trial court's entry of default judgment and instead, is appealing from the trial court's denial of his motion to vacate default judgment. Furthermore, Deutsche Bank asserts that the trial court could not consider Lagowski's answer because he failed to attach a certificate of service in violation of Civ.R. 5.

**{¶37}** Deutsche Bank is correct. The trial court entered default judgment against Lagowski on March 31, 2010, but he did not appeal from this judgment. His argument that the trial court erred in not considering his answer challenges the trial court's entry of default judgment, rather than the court's denial of his motion to vacate default judgment, from which he actually appealed. Because Lagowski did not file a timely notice of appeal within 30 days of the trial court's grant of default judgment, this court is without jurisdiction to consider his first argument. App.R. 4(A); *Bartholomew Builders, Inc. v. Spiritos*, 11th Dist. No. 2003-T-0027, 2005-Ohio-1900, ¶32.

**{¶38}** However, even if this court considers Lagowski's argument, the trial court did not err in not considering the contents of his answer when entering default judgment. Lagowski filed an answer and counterclaim with the court on May 26, 2009 that did not contain a certificate of service. Lagowski did not file proof of service with the court until September 30, 2010, after the court granted default judgment against Lagowski. At the hearing, Lagowski contended that he sent a copy of the answer to Deutsche Bank's counsel and Sochor's counsel, although the copy sent to Sochor's counsel was returned to him. He explained that he must have forgotten to attach the certificate of service to the

answer he filed with the trial court. However, the attorneys for both Deutsche Bank and Sochor testified under oath that they never received a copy of his answer.

{¶39} Civ.R. 5(B), which governs service and filing of pleadings subsequent to the complaint, provides in pertinent part that: "The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule."

{¶40} Civ.R. 5(D) provides in pertinent part that: "Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."

{¶41} "Ohio courts have strictly enforced Civ.R. 5(D). Where there is no proof of service either attached to a filing or separately filed with the trial court, the trial court may not consider the filing. Civ.R. 5(D); *Nosal v. Szabo*, 8th Dist. Nos. 83974, 83975, 2004-Ohio-4076, ¶21; *Manor Care Healthcare Corp. v. Cook* (Jan. 7, 1993), 8th Dist. No. 64003." *PHH Mtge. Corp. v. Albus*, 7th Dist. No. 09 MO 9, 2011-Ohio-3370, ¶12.

{¶42} Specifically, Ohio courts have held that where a pro-se defendant files an answer without proof of service, the trial court could not consider the answer. *Schmuck v. Schmuck*, 8th Dist. Nos. 85793, 85864, 2005-Ohio-6357, ¶9; *Erie Ins. Co. v. Bell*, 4th Dist. No. 01CA12, 2002-Ohio-6139, ¶24, 25.

{¶43} Deutsche Bank also argues that Lagowski did not timely file his answer because he was served process via private process server on April 27, 2009 but did not file his answer until May 26, 2009, 29 days later. However, Deutsche Bank used an incorrect name for Lagowski in its original complaint and moved to add Lagowski as a defendant pursuant to Civ.R. 21 on April 27, 2009. The court did not grant this motion until May 12, 2009, and Deutsche Bank re-served Lagowski on that same date via certified mail. Thus, when Deutsche Bank served Lagowski on April 27, the court had not yet added him as a defendant; therefore, Lagowski's May 26, 2009 answer was likely timely. However, regardless of whether his answer was timely, he still did not attach a certificate of service in violation of Civ.R. 5(D). Accordingly, the trial court did not err in not considering the contents of his answer when entering default judgment, and Lagowski's first assignment of error is meritless.

**Appearance Triggering Civ.R. 55(A) Notice**

**{¶44}** Two significant issues must be resolved before addressing Lagowski's second assignment of error. First, what constitutes an appearance under Civ.R. 55 by an allegedly defaulting party to warrant notice prior to entering default judgment. Second, is an erroneous default judgment void or voidable.

**{¶45}** First, Lagowski contends in his reply brief that the docket does not reflect that he received notice of the default judgment pursuant to Civ.R. 55(A) nor that a hearing was held before the court entered default judgment against him.

**{¶46}** Civ.R. 55 governs the procedure for granting default judgment. It provides, in pertinent part:

**{¶47}** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. *If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.*" Civ.R. 55(A) (emphasis added).

**{¶48}** Regarding what constitutes an "appearance" for the purposes of this rule, this court has applied a lenient interpretation of Civ.R. 55(A), explaining that, "[a] defendant can 'appear in an action' by clearly expressing to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made." *Johnson v. Romeo*, 7th Dist. No. 06 MA 4, 2006-Ohio-7073, ¶22. In *Johnson*, this court affirmed the trial court's ruling vacating a default judgment entered without notice. We held that the defendant was entitled to notice because the defendant had appeared in the action by sending a letter to the plaintiff's attorney that responded to the complaint and expressed his intent to defend the suit. *Id.* at ¶20.

**{¶49}** The Sixth District held that a defendant appeared in an action where he filed two letters with the court that indicated his intent to defend the suit, but he did not serve the plaintiff with these letters in violation of Civ.R. 5. *CitiMortgage, Inc. v. Bumphus*, 6th Dist. No. E–10–066, 2011-Ohio-4858, ¶34, 36. The appellate court noted that, "parties

are charged with the duty to keep themselves apprised of entries upon the docket and to monitor the progress of the suit." *Id.* at ¶36.

**{¶50}** Because Lagowski filed his May 26, 2009 answer with the court and expressed an intent to defend the suit, his answer constitutes an appearance applying the rationale in *CitiMortgage, Inc.* If Deutsche Bank had consulted the record before filing for default judgment, it would have seen that Lagowski filed an answer to its complaint. And on March 23, 2010, Lagowski filed a motion for reconsideration and/or rehearing in response to the trial court's order dismissing "Robert Wayne Lagowski" from the case. In this motion, he argued that he had an interest in the property; that Sochor improperly acquired the loan; that Deutsche Bank failed to investigate and discover the improper deed; and, he sought to be brought back into the litigation to defend his property rights. Moreover, the motion was filed before the trial court entered default judgment, and it contained a certificate of service indicating that Lagowski served Deutsche Bank's counsel.

**{¶51}** These two filings by Lagowski express his intention to defend the suit. However, the record reveals that the trial court did not comply with the hearing and notification procedures in Civ.R. 55(A) before entering default judgment in favor of Deutsche Bank, two days after it filed its motion. The Rule provides that when the allegedly defaulting party appears in the action, he or she shall be served with notice seven days before the hearing on the motion for default judgment. Because Lagowski entered an appearance and was not served with notice, the trial court erred in granting default judgment. However, Lagowski did not appeal the trial court's default judgment. Thus, Lagowski's only avenue for relief is to challenge the trial court's order denying his motion to vacate.

### Void or Voidable

**{¶52}** This leads us to the second issue we must resolve before reaching the merits of Lagowski's second assignment of error: whether an erroneous default judgment is void or voidable. The former permits collateral attack of the judgment at any time, whereas the latter permits collateral attack only through a Civ.R. 60(B) motion. Lagowski

contends that because the trial court failed to comply with Civ.R. 55(A), the trial court improperly granted default judgment, and the judgment is a nullity. There is disagreement among appellate districts regarding whether a default judgment is void or voidable if entered without the proper notice and hearing procedures. Some districts have held that a default judgment entered without the notice provided in Civ.R. 55(A) is void and a nullity. See *CitiMortgage, Inc.* at ¶37; *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202 (1st Dist.), ¶ 6 (failure to give notice renders judgment void and subject to collateral attack, and party attacking judgment does not need to satisfy Civ.R. 60(B)). Other districts have held that failure to comply with the notice procedures in Civ.R. 55(A) when a defendant appears in the action renders a default judgment voidable and subject to being vacated under Civ.R. 60(B). See *Hiener v. Moretti*, 11th Dist. No. 2009-A-0001, 2009-Ohio-5060, ¶16; *Natl. City Mtge. Co. v. Johnson & Assoc. Financial Servs., Inc.*, 2d Dist. No. 21164, 2006-Ohio-2364, ¶ 16; *Fenner v. Kinney*, 10th Dist. No. 02AP-749, 2003-Ohio-989, ¶17.

**{¶53}** In *Johnson*, we affirmed the trial court's order vacating a default judgment entered without notice and cited to *Hartman v. Ohio Crime Victims Reparation Fund*, 138 Ohio App.3d 235, 238 (10th Dist. 2000) for the proposition that such judgments are void. Neither *Johnson* nor *Hartman* discussed the issue. Moreover, void vs. voidable was not at issue in *Johnson* and thus that proposition was dicta. However, in *Northland Ins. Co. v. Poulos*, 7th Dist. No. 06 MA 160, 2007-Ohio-7208, the panel held that the trial court's sua sponte dismissal of a complaint without notice was voidable. Although not directly deciding whether a default judgment entered without notice after the defendant appeared in the action is void or voidable, we found the analysis that lack of notice renders the judgment voidable persuasive. Our analysis of that issue is relevant to the case at bar:

> [A] void judgment is defined as one entered without jurisdiction. *State ex rel. Beil v. Dota* (1958), 168 Ohio St. 315, 319-320 (concluding that mere erroneous exercise of judicial power, where there existed subject matter and personal jurisdiction, is not void). This use of jurisdiction in this context refers to subject matter and personal jurisdiction. *See id.* See, also,

*Eisenberg v. Peyton* (1978), 56 Ohio App .2d 144, 147, 152 (8th Dist.). Personal jurisdiction is dependent on receiving notice of a suit or waiver of such, and it is true that this aspect of personal jurisdiction implicates the due process clause. But, this connection does not necessarily make every single due process issue eternally subject to collateral attack.

Rather, it seems to us that typical due process violations, other than a lack of personal jurisdiction, are voidable but not void. Otherwise, all entries which could be described as being entered on issues or motions prior to notice and opportunity to be heard would be subject to attack indefinitely without the Civ.R. 60(B)(5) limitation of vacation being sought within a reasonable time. In contravention of the cases cited by appellant, the Staff Note to Civ.R. 55 speaks of a default judgment being void only if personal service (which provides personal jurisdiction) was never obtained over the defendant; it does not mention due process issues as voiding the judgment. * * * *Id.* at ¶40-41.

**{¶54}** For a plethora of reasons, including due process and ensuring finality of judgments as discussed in *Northland*, we hold that a default judgment entered without prior notice to an appearing defendant, is voidable, subject to attack by a Civ.R. 60(B) motion to vacate. As the statement in *Johnson* that such judgments are void was dicta, we reject it as such, and adopt our analysis in *Northland* regarding the distinction between void and voidable. Because Lagowski entered an appearance and default judgment was entered against him without prior notice, such judgment is voidable, and may be vacated if he can meet the requirements of Civ.R. 60(B).

**Motion to Vacate Default Judgment – Civ.R. 60(B)**

**{¶55}** In Lagowski's second assignment of error, he argues:

**{¶56}** "The Trial Court abused its discretion in denying Defendant/Appellant's Motion to Vacate the Judgment Entry of the Court of Common Pleas of Belmont County

dated March 31, 2010."

**{¶57}** Civ.R. 60(B) provides in relevant part:

**{¶58}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶59}** "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988), citing *GTE* at paragraph two of the syllabus. See, also, *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Id.*

**{¶60}** When reviewing a trial court's decision regarding a Civ.R. 60(B) motion, an appellate court will not reverse that decision unless the trial court abuses its discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

**{¶61}** Deutsche Bank does not contest that Lagowski timely filed his motion to vacate judgment. Thus we turn to the first prong of the *GTE* test. "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina*, 128 Ohio App.3d 349, 352,

714 N.E.2d 984 (8th Dist. 1998). The movant bears the burden of demonstrating a meritorious defense. *Rose Chevrolet, Inc.* at 20. In order to satisfy that burden, the movant must merely allege operative facts which would support a meritorious defense, not prove that he or she will prevail on that defense. *Id.*

**{¶62}** Lagowski is correct that he must *allege* a meritorious defense, not prove he would prevail on such defense. This court has held that a defendant must "allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, ¶13. Although Lagowski admitted at the hearing that he had no evidence to prove the fraud, that does not preclude a finding that he alleged a meritorious defense. Lagowski explained that Sochor forged the deed and the signature upon this deed was not his own. For 60(B) purposes, this is where the consideration ends.

**{¶63}** However, the trial court found Lagowski's credibility to be lacking, and on that basis determined that he failed to allege a meritorious defense. It is error to make this kind of credibility determination at this stage of the proceedings; rather, these determinations are reserved for a trial on the merits, to be made by the trier of fact. In essence, the trial court made Lagowski do more than state a meritorious defense; it went further and put Lagowski in the position of proving the defense. And when Lagowski failed to do so, the trial court denied the motion to vacate. Thus, the trial court abused its discretion in finding that Lagowski failed to allege operative facts to support a meritorious defense to the judgment.

**{¶64}** Turning to the final prong of the *GTE* test, Lagowski contends that he is entitled to relief under Civ.R. 60(B)(1) because his failure to attach the certificate of service to his May 26, 2009 answer constituted excusable neglect. "As the Supreme Court has stated, the concept of excusable neglect is an elusive one that is difficult to apply and define. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Thus, the Court vaguely defines it in the negative by saying that neglect is not excusable if it represents complete disregard for the judicial system. *Id.* The reviewing

court must take into consideration all surrounding facts and circumstances in determining whether an instance of neglect is excusable." *Fifth Third Bank v. Perry*, 7th Dist. No. 03 MA 100, 2004-Ohio-1543, ¶15.

**{¶65}** Lagowski cites to *Cleveland Mun. School District v. Farson*, 8th Dist. No. 89525, 2008-Ohio-912, where the Eighth District held that a defendant showed excusable neglect where he sent an answer to the clerk of court for filing, but due to unknown reasons, the clerk did not record his answer on the docket. *Id.* at ¶3, 15. The court noted that the defendant did serve a copy of the answer on the plaintiff's counsel and also engaged in discovery and had been in contact with opposing counsel during pretrial proceedings, showing he had not abandoned the litigation. *Id.* at ¶15.

**{¶66}** Deutsche Bank cites to *John Soliday Fin. Group, L.L.C. v. Moncreace*, 7th Dist. No. 09 JE 11, 2011-Ohio-1471, where this court held that the trial court erred in granting the Civ.R. 60(B) motion on the grounds of excusable neglect. *Id.* at ¶2. This court held that the pro-se defendant's failure to answer the complaint was not excusable neglect, explaining that: "[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute 'excusable neglect' under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness." *Id.* at ¶16. The court also noted that a situation is not excusable neglect if the defendant could have prevented the circumstances from occurring. *Id.* at ¶14.

**{¶67}** Here, the trial court found that Lagowski's neglect was due to his failure to obtain legal counsel despite opposing counsel's advice to consult an attorney. Unlike the pro-se defendant in *John Soliday*, Lagowski did attempt to file an answer, rather than failing to respond at all to the complaint. Similar to *Farson*, Lagowski's answer contained a procedural defect, albeit in the inverse: Lagowski timely filed an answer which was accepted, time-stamped and docketed by the clerk, but it was missing a certificate of service, and counsel for Deutsche Bank stated that they were unaware that Lagowski had filed an answer when the motion was filed. However, Deutsche Bank should have checked the docket before filing the motion for default, *CitiMortgage* at ¶36, and it also

admitted at the motion to vacate hearing that Lagowski had contacted counsel about the suit. Thus, the trial court abused its discretion by not finding these circumstances are excusable neglect. .

**{¶68}** Finally, as discussed above, Lagowski appeared in the action such that he was entitled to the notice procedures in Civ.R. 55(A). Since the trial court did not provide the proper notice for a defendant who appeared in the action, Lagowski is additionally entitled to relief for the failure of notice under Civ.R. 60(B)(5). *See Johnson v. Romeo* at ¶20. Because Lagowski met all three parts of the *GTE* test, the trial court abused its discretion in denying Lagowski's motion to vacate the default judgment. Accordingly, his second assignment of error is meritless.

### Conclusion

**{¶69}** In sum, Lagowski's arguments are meritorious in part. Lagowski's answer did not contain a certificate of service, thus, the trial court could not consider the substance of his answer pursuant to Civ.R. 5(D). However, Lagowski's answer and a motion for reconsideration constitute an appearance in the action as contemplated by Civ.R. 55(A), thereby entitling him to notice of Deutsche Bank's motion for default judgment. Because default judgment was granted without notice, it was a voidable judgment; and because Lagowski met all three prongs of the *GTE* test, the trial court erred by denying his Civ.R. 60(B) motion to vacate the default judgment. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and this cause is remanded for further proceedings.

Waite, P.J., concurs in judgment only.

Donofrio, J., concurs.