OPINION
{¶ 1} In this accelerated calendar case, appellant, Theodore Spiritos, a.k.a. Ted Spiritos, et al.,[1] appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court denied his motion for relief from judgment.
 {¶ 2} The record reveals that, in the second amended complaint, appellant, Georgia Spirtos, and Blue Point Development, Inc., were named as defendants. Judgment was awarded against all of the defendants. However, only appellant has appealed the trial court's judgment entry. Accordingly, the facts and argument of this opinion will relate solely to appellant, in the singular.
 {¶ 3} On April 30, 1996, appellee, Bartholomew Builders, Inc., filed the complaint in this matter against appellant for breach of contract. The complaint alleged appellant failed to fully pay appellee for the construction of certain residential and commercial buildings. Upon a motion for leave, appellant was given until June 28, 1996 to file an answer. On July 10, 1996, with no answer being filed, appellee moved for default judgment. Appellant was again given leave to plead and filed an answer in September 1996. Included in the answer was a counter-claim against appellee for breach of contract. In December 1996, appellee filed an amended complaint and a reply to appellant's counter-claim. In February 1997, appellant filed an answer to the amended complaint. Again, the answer included a counter-claim. That same month, appellee responded to the answer and counter-claim.
 {¶ 4} While this action was pending at the trial court level, appellee made several complaints to the trial court regarding appellant's lack of compliance with discovery. In May 1997, appellee filed a motion to compel discovery. In June 1997, this motion was granted, along with a motion filed by appellant requesting more time to comply with discovery. The record contains several requests to take, or resume taking, appellant's deposition. Finally, appellee filed a motion for default judgment due to appellant's alleged failure to comply with discovery requests.
 {¶ 5} Numerous attorneys have represented appellant in this matter. Initially, James J. Connelly of Downey, Brown, Connelly Sanders Co. L.P.A. represented appellant. On May 30, 1996, Attorney Connelly filed the initial motion for leave to plead. Appellant's initial answer was filed in September 1996. It was signed by Attorney John C. Hansberry of Dickie, McCamey Chilcote, P.C. and Steven B. Larchuk of Runnymede Law Consulting, P.C. There was a notation that Attorney Larchuk was to be admitted pro hac vice. On June 20, 1997, a pleading was filed on behalf of appellant by Brian T. Must of Dickie, McCamey Chilcote, P.C. Attorney Larchuk is not licensed in Ohio, thus, upon appellant's motion, he was admitted pro hac vice for this matter on January 26, 1998. On September 30, 1998, Attorney Connelly, Attorney James C. Sanders, and Downey, Brown, Connelly Sanders Co. L.P.A. withdrew from representing appellant in this matter. On March 28, 2002, Daniel G. Keating of Keating, Keating Kuzman filed appellant's motion for relief from the August 23, 2001 judgment. Finally, on September 16, 2002, Attorney Must withdrew from representing appellant in this matter.
 {¶ 6} On January 24, 2001, appellee filed a motion for default judgment. On February 1, 2001, appellant sent a letter to the trial court regarding a pending bankruptcy action. On February 21, 2001, the trial court stayed the matter pending outcome of the bankruptcy action. The bankruptcy action was dismissed by the United States Bankruptcy Court, Western District of Pennsylvania, and the matter was set for hearing on appellee's motion for default judgment for August 22, 2001. Notice of hearing was sent to Attorney Must and Attorney Larchuk. In an August 23, 2001 judgment entry, the trial court granted appellee's motion for default judgment. In total, the judgment awarded appellee $190,988.51, plus interest at ten percent from 1993; $149,535.86, plus interest at ten percent from 1994; and $18,901.52, plus interest at ten percent from 1995. Appellant did not appeal this judgment.
 {¶ 7} On March 28, 2002, appellant filed a motion for relief from the default judgment filed August 23, 2001, pursuant to Civ.R. 60(B). Attached to the motion was an affidavit from Attorney Larchuk indicating he did not receive notice of the August 22, 2001 hearing. On July 15, 2002, appellee filed a motion contra appellant's motion for relief from judgment. On August 16, 2002, appellant filed a supplemental memorandum in support of his motion. On August 23, 2002, appellee filed a supplemental motion contra appellant's motion for relief from judgment. Attached to this pleading was an affidavit from Debra Gutierrez, an employee of the Trumbull County Court of Common Pleas Case Assignment Office. On September 16, 2002, appellant filed a second supplemental memorandum in support of his motion for relief from judgment. He attached an affidavit from Attorney Must to this pleading. In response to appellant's pleading, appellee filed a second supplemental memorandum contra appellant's motion.
 {¶ 8} The following facts are from Attorney Must's affidavit. He represented appellant when he was with Dickie, McCamey Chilcote, P.C. He moved for the pro hac vice admission of Attorney Larchuk. Thereafter, he did not actively represent appellant in the matter. He left Dickie, McCamey Chilcote, P.C. in March 1998, and did not represent appellant after leaving the firm. He did continue to receive mail relating to this matter after he left Dickie, McCamey Chilcote, P.C. Specifically, he received notice of the August 22, 2001 hearing; however, he received the notice after the hearing had occurred.
 {¶ 9} The following facts are derived from Attorney Larchuk's affidavit. He formerly had an office in Clinton, Pennsylvania, but moved to an office in Wexford, Pennsylvania in May 1997. Opposing counsel was fully aware of the change of address and sent all correspondences to the Wexford address. The record supports this assertion, in that appellee's counsel sent numerous pleadings to the Wexford address, including the motion for default judgment, as noted in the certificates of service. Finally, Attorney Larchuk states he never received notice of the August 2001 default judgment hearing.
 {¶ 10} Appellee, as an exhibit to its memorandum in opposition to appellant's motion for relief from judgment, attached the February 2001 letter sent to the court by Attorney Larchuk regarding the bankruptcy action. The letterhead contains the Wexford, Pennsylvania address. In addition, the letterhead indicates Attorney Larchuk was a member of Malone, Larchuk Middleman, P.C.
 {¶ 11} A review of Debra Gutierrez's affidavit provides the following information. On August 6, 2001, she sent notices of the August 22, 2001 hearing to Attorney Must and Attorney Larchuk at the addresses they provided to the court. These notices were not returned to the court as undeliverable. Fifteen prior notices were sent to Attorney Larchuk and Attorney Must at the same addresses, and none of these prior notices were returned as undeliverable. Finally, as of August 20, 2002, neither Attorney Must nor Attorney Larchuk notified the court that their address had changed. In her deposition, Debra Gutierrez does not specifically identify to which address the notices were mailed.
 {¶ 12} On January 17, 2003, the trial court denied appellant's motion for relief from judgment. The trial court concluded that proper notice of the default hearing was mailed to appellant's attorneys and that appellant was not entitled to relief pursuant to Civ.R. 60(B)(1) or (B)(5). Appellant timely appealed the trial court's January 17, 2003 judgment entry to this court.
 {¶ 13} While this appeal was pending, appellant filed a "notice of Chapter 7 Bankruptcy filing" with this court. This court construed the motion as a motion to stay. The motion indicated that appellant filed a petition for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio. This court granted the motion and the matter was stayed pending the outcome of the bankruptcy proceeding. On February 24, 2004, this court issued a judgment entry indicating that, pursuant to the records of the bankruptcy court, the debtor had been discharged and the stay was dissolved.
 {¶ 14} Appellant raises the following assignments of error:
 {¶ 15} "[1.] The trial court erred in denying defendant-appellant's motion for relief from judgment.
 {¶ 16} "[2.] The trial court committed reversible error in granting default judgment on plaintiff's complaint, and dismissing with prejudice defendant's counterclaim, as a sanction for a claimed failure to make discovery, under Civil Rule 37."
 {¶ 17} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also, GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 150. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries, supra, paragraph two of the syllabus.
 {¶ 19} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 20} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [(2), (3), and (4) not applicable] or (5) any other reason justifying relief from the judgment."
 {¶ 21} Appellant argued in his motion for relief from judgment, as he does here, that he did not receive notice of the August 22, 2001 hearing.
 {¶ 22} Due process requires "`notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" OhioValley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 124-125, quoting Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314.
 {¶ 23} First, we will address appellant's claim as it relates to notice being sent to Attorney Larchuk. In his initial motion for relief from judgment, appellant argues that the notice was sent to Attorney Larchuk's previous address, described as "invalid." However, in his supplemental motion for relief from judgment, appellant, as a "point of clarification" contends Attorney Larchuk continued to receive mail at the former address but did not receive the notice of the August 21, 2001 hearing. On appeal, appellant merely claims he was not given notice of the hearing, but does not elaborate on this assertion.
 {¶ 24} At the trial court level, appellant claimed opposing counsel was aware of Attorney Larchuk's new address. In addition, we note the trial court received a letter from Attorney Larchuk containing his new address. However, "[g]iven that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." Nalbach v. Cacioppo (Jan. 11, 2002), 11th Dist. No. 2001-T-0062, 2002 Ohio App. LEXIS 83, at *16. Thus, any argument that opposing counsel or the trial court needed to notify the appropriate personnel to change the address of Attorney Larchuk is not well taken.
 {¶ 25} Through the deposition of Debra Gutierrez, appellee set forth that notice was sent to Attorney Must and Attorney Larchuk at the addresses they provided to the court. In Nalbach v. Cacioppo, this court cited the provisions of Civ.R. 5, relating to service of judgment entries, as a proper method of serving parties with notice of a hearing. Then, this court held that "service by mail is deemed completed once the clerk has mailed the document." Id.
 {¶ 26} Appellant did not refute that the notices were sent. Rather, in his supplemental memorandum in support of his motion for relief from judgment, he claims Attorney Larchuk never received the notice due to a failure of the United States Postal Service. However, appellee correctly noted that this assertion was not supported by an affidavit. In addition, the evidentiary materials before the trial court, including Attorney Larchuk's affidavit, suggest the notice was sent to Attorney Larchuk's former address. Thus, even if the trial court were to have accepted appellant's assertion that delivery failed due to actions of the Postal Service, the court could have still determined that appellant, through his attorney, was ultimately responsible for this error due to the failure to notify the court of the current mailing address.
 {¶ 27} Next, we address appellant's argument as it relates to Attorney Must. Attorney Must admitted he received notice of the August 22, 2001 hearing. He claims he received the notice after the date of the hearing. Presumably, this is because the notice was sent to his previous address at Dickie, McCamey Chilcote, P.C. and had to be forwarded to him. Regardless, the record indicates Attorney Must did not contact appellant or Attorney Larchuk upon receipt of this notice, because appellant's motion for relief from judgment was not filed until March 28, 2002. Although he states that he was no longer involved in the case, he had not filed a motion to withdraw, and was still an attorney of record for appellant.
 {¶ 28} Finally, appellant had a duty to check on the status of the case. Nalbach v. Cacioppo, 2002 Ohio App. LEXIS 83, at *11, citing OhioValley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn., supra. The Supreme Court of Ohio has held that an entry on the docket of a trial court regarding an upcoming hearing "constitutes reasonable, constructive notice" of the date of the trial. Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn., 28 Ohio St.3d at 124. Appellee attached a copy of the docket sheet for this case to its memorandum contra appellant's motion for relief from judgment. This docket sheet reflects the Western District of Pennsylvania Bankruptcy Court's order dismissing the bankruptcy was filed July 9, 2001. In addition, the docket sheet shows an entry, made August 6, 2001, that a hearing was scheduled for August 22, 2001.
 {¶ 29} Moreover, there are other factors that support a finding that appellant had constructive notice of the hearing. Attorney Larchuk knew appellee filed a motion for default judgment in January 2001. He responded by seeking a stay with the trial court. The trial court granted the stay due to the pending bankruptcy action. The bankruptcy action, involving appellant, was dismissed on March 28, 2001. A copy of the dismissal order was filed in the instant matter, on July 9, 2001. Appellant and Attorney Larchuk were on notice, as of March 28, 2001, or, at least, July 9, 2001, that the bankruptcy (the reason for the stay) had been dismissed. Thus, the stay was no longer needed, and the trial court could address appellee's motion for default judgment. Accordingly, at that time, appellant should have inquired about the status of the motion.
 {¶ 30} The trial court did not abuse its discretion when it denied appellant's Civ.R. 60(B) motion for relief from judgment.
 {¶ 31} Appellant's first assignment of error is without merit.
 {¶ 32} In his second assignment of error, appellant claims the trial court erred in its August 23, 2001 default judgment entry. Appellant has not appealed this judgment to this court. If appellant wished to appeal the August 23, 2001 judgment entry, he needed to file a notice of appeal within thirty days of the judgment entry. App.R. 4(A). Since appellant has not filed a timely appeal of the trial court's August 23, 2001 judgment entry, this court is without jurisdiction to address this claimed error. See, e.g., Bosco v. Euclid (1974), 38 Ohio App.2d 40,42-43.
 {¶ 33} Appellant's second assignment of error is also without merit.
 {¶ 34} The judgment of the trial court is affirmed.
Ford, P.J., Grendell, J., concur.
[1] The correct spelling of appellant's name is Theodore Spirtos.