JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Michael Troy Watson and Thomas Jones, Jr., appeal from common pleas court orders dismissing their complaint, with prejudice, for failure to prosecute and denying their motions for relief from judgment. Jones has not filed a brief, so we dismiss his appeal pursuant to App. R. 18(C). Watson argues that the originally assigned trial judge should have recused himself earlier in the case and made erroneous, unfair, biased decisions before his recusal. In addition, Watson asserts that the court erred by denying his motion for summary judgment, by dismissing his case with prejudice, and by denying his motion for relief from judgment. We find no error in the proceedings below and affirm the common pleas court's judgment.
 Procedural History {¶ 2} The complaint in this case was filed February 6, 2007, and averred that plaintiffs had purchased eight parcels of real property from Tracie Harper on August 16, 2006. Defendant Ivory Welch was employed by plaintiffs to rehabilitate these properties. Plaintiffs claimed that Welch conspired with co-defendant Oscar Trivers to prepare, witness, and notarize deeds purporting to transfer these properties from Tracie Harper to Welch, and filed them with the county recorder. Welch then approached the tenants living on these properties and advised them that he was the new owner and that all rents should be paid to him. The complaint alleged that Welch collected some $1,250 in rent from the tenants. Plaintiffs sought *Page 4 
compensatory damages of $599,902.12, as well as punitive damages, an order striking the deeds from the county recorder's records, a restraining order to prevent defendants from contacting the tenants, and an order requiring defendants to deposit funds with the court. The court denied both parties' motions for a restraining order to prevent the other from contacting the tenants or collecting rent. Both Welch and Trivers then answered.
 {¶ 3} Plaintiffs and Trivers both moved for summary judgment. The court denied both parties' motions. The case was then called for trial on February 11, 2008. However, the court ordered a mistrial and referred the matter to the administrative judge for reassignment in order to avoid the appearance of impropriety. The case was then assigned to another judge.
 {¶ 4} On February 29, 2008, the newly assigned judge scheduled the matter for a pretrial on March 25, 2008. The court's entry following the pretrial indicated that the defendants had appeared but plaintiffs had not. The court denied the defendants' oral motion to dismiss, but warned that "if either plaintiff fails to appear at trial or on any hearing, their claims for relief will be dismissed with prejudice for failure to prosecute." The court then scheduled the matter for a bench trial on April 29, 2008. When plaintiffs failed to appear for the trial, the court dismissed their case with prejudice for failure to prosecute.
 {¶ 5} Plaintiffs filed motions for relief from judgment pursuant to Civ. R. 60(B) and also filed a notice of appeal. This court remanded the matter for the common *Page 5 
pleas court to rule on the motions for relief from judgment. The common pleas court denied these motions.
 Law and Analysis {¶ 6} Although both plaintiffs signed the notice of appeal in this case, only appellant Watson has filed a brief and assignments of error. Accordingly, we dismiss appellant Jones's appeal. App. R. 18(C). All references to the appellant in this case will refer to appellant Watson only.
 {¶ 7} Appellant's first assignment of error asserts that the originally assigned judge should have recused himself before the trial began. We have no jurisdiction to consider whether the judge was biased or prejudiced such that he should have been disqualified from acting in this case. This is the exclusive province of the Chief Justice of the Ohio Supreme Court. The procedures for disqualification set forth in R.C. 2701.03 are appellant's sole remedy for questioning the judge's objectivity. Accordingly, we have no jurisdiction to address this issue. See, e.g., Jones v. Billingham (1995), 105 Ohio App.3d 8, 11.
 {¶ 8} The second assignment of error claims the originally assigned judge made erroneous rulings on various motions. While the assignment of error refers to court rulings on some thirteen motions, [1] appellant's brief addresses only three. We confine our analysis to these three. See App. R. 12(A)(2); State v. Sheets, Clermont App. No. CA2006-04-032,2007-Ohio-1799, ¶ 35. *Page 6 
 {¶ 9} First, appellant claims the court erred by denying his motion to strike defendants' motion for a temporary restraining order and motion to dismiss. The trial court ultimately denied the motion to dismiss and motion for a temporary restraining order. Therefore, appellant cannot show that he was prejudiced by the court's refusal to strike these motions.
 {¶ 10} Second, appellant asserts the court erred by denying his motion to compel appellee Trivers to appear for deposition. The court did not deny this motion to compel, but granted it, as appellant ultimately concedes. Since the court afforded him the relief he requested, appellant has no cause to complain.
 {¶ 11} Third, appellant complains that the originally assigned trial judge allowed Ben Lanier to testify at trial although Lanier had failed to appear for a deposition. Appellant was not ultimately prejudiced by this alleged error, because this trial ended in a mistrial.
 {¶ 12} Appellant has failed to demonstrate that any of the challenged rulings were prejudicial to him. Therefore, we overrule the second assignment of error.
 {¶ 13} In his third assignment of error, appellant contends that the court erred by denying his motion for summary judgment. We review a common pleas court's ruling on summary judgment de novo, applying the same standard the trial court applied. See, e.g., Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.
 {¶ 14} Appellant's motion for summary judgment made numerous unsupported factual allegations. For example, appellant asserted that he and Jones purchased *Page 7 
the subject properties from Tracie Harper on August 16, 2006, but provided no evidence of this assertion. He also argued that Welch "surreptitiously obtained copies of the Deeds to the [appellant's] properties," and "entered into an Agreement with [Trivers] to defraud [appellant] of their Rightful Ownership of the subject properties, to which [Trivers] readily agreed." However, he points to no evidence to support any of these broad assertions. Genuine issues of material fact precluded judgment for appellant. Therefore, we overrule the third assignment of error.
 {¶ 15} The fifth assignment of error contends that the court erred by dismissing the case with prejudice because appellant had no notice of the pretrial or trial date. The alleged lack of notice was not apparent on the record. There is no indication that the notices of the court's orders were ever returned. Notices were sent at least three weeks before the scheduled pretrial date, and a month before the scheduled trial date, [2] and were included in entries which would have been disclosed by a review of the docket.
 {¶ 16} Civ. R. 41(B)(1) provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiffs counsel, dismiss an action or claim." The decision whether to dismiss for failure to prosecute is within the trial court's sound discretion, and may not be reversed unless the decision was *Page 8 
unreasonable, unconscionable, or arbitrary. Pembaur v. Leis (1982),1 Ohio St.3d 89, 90.
 {¶ 17} "Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice of the possibility of dismissal under Civ. R. 41(B)(1). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Mokrytzky v. Capstar CapitalCorp., Cuyahoga App. No. 91287, 2009-Ohio-238, ¶ 12, citing Logsdon v.Nichols, 72 Ohio St.3d 124, 1995-Ohio-225. In this case, the court gave appellant ample notice that the case would be dismissed with prejudice if he failed to appear for trial. Therefore, the court did not abuse its discretion by dismissing the case with prejudice.
 {¶ 18} Finally, appellant's fourth assignment of error claims that the court erred by denying his motion for relief from judgment. In order to succeed on a motion for relief from judgment, the movant must demonstrate that he has a meritorious claim or defense to present if relief is granted, that he is entitled to relief on one of the grounds stated in Civ. R. 60(B), and that the motion has been made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 19} We find the court did not abuse its discretion by denying appellant's motion. Appellant did not demonstrate that his failure to appear for trial was the result of excusable neglect. While appellant submitted an affidavit stating that he did not receive notice of the pretrial or the trial, that same affidavit also averred that *Page 9 
appellant had "changed his address and caused to be filed an Authorization to hold mail with the United States Postal Service and caused to be filed a Notice of Change of Address on or about April 29, 2008." Notably, appellant does not disclose whether he checked his mail during this time, nor does he allege that the court notices were not among the mail being held by the postal service at his request, nor does he explain why he did not check either his mail or the docket during this time. As such, appellant's failure to appear was not excusable. SeeBartholomew Builders, Inc. v. Spiritos, Trumbull App. No. 2003-T-0027,2005-Ohio-1900, ¶ 28.
 {¶ 20} Appeal dismissed with respect to appellant Thomas Jones. Judgment affirmed with respect to appellant Watson.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and MARY J. BOYLE, J., CONCUR.
[1] Some of these motions (specifically, appellant's motion for summary judgment and motion for relief from judgment) are addressed separately in other assignments of error.
[2] In his appellate brief, Appellant states that he relocated his office around this time. He directed the United States Postal Service to hold his mail during the move. Appellant does not disclose whether the notices were among the U.S. mail held by the postal service at his direction. *Page 1