[Cite as *Blakeman v. Cline*, 2025-Ohio-381.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

BRYAN A. BLAKEMAN, TREASURER,

Plaintiff-Appellee,

v.

DONALD H. CLINE, TRUSTEE, et al.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0019

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 DT 120

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Prosecuting Attorney, *Atty. Krista R. Peddicord*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

*Atty. Nicholas M. Barborak*, for Appellant, Linda Haustman.

Dated:  February 5, 2025

**Robb, P.J.**

{¶1} Appellant, Linda Haustman, the successor trustee under the Cline Irrevocable Trust (the Trust), appeals the trial court's May 3, 2024 judgment denying the Trust's motion for relief from judgment. The Trust argues the trial court abused its discretion by failing to vacate its decisions issued September 11, 2023, October 31, 2023, and December 22, 2023, which are the judgments granting Appellee default judgment, judgment vacating the court's scheduling order, and the court's order confirming the sale of the property following the sheriff's sale, respectively.

{¶2} The Trust asked the court to vacate these decisions and set the sale aside since the Trust relied on the court's scheduling order as extending its time to redeem the property. For the following reasons, we conclude the trial court did not abuse its discretion and affirm the court's decision overruling the Trust's motion for relief from judgment.

<u>Statement of the Facts and Case</u>

{¶3} Appellee, the Columbiana County Treasurer, Bryan A. Blakeman (the Treasurer), filed a foreclosure action against Donald H. Cline, Trustee of the Cline Irrevocable Trust, and Donna J. Cline, Trustee under the Cline Irrevocable Trust, in June of 2023 for the collection of delinquent taxes, assessments, penalties, interest, foreclosure, and equitable relief. The complaint alleges a delinquent land tax certificate had been filed with the auditor and the treasurer had a lien in the amount of $4,713.65 against the subject parcel located in East Liverpool, Ohio. (June 7, 2023 Complaint.)

{¶4} The certified mail service receipts for the summons and complaint mailed to Donald Cline and Donna Cline and sent to the subject property were returned and marked "UNCLAIMED." Counsel for the treasurer subsequently sent the summons and complaint to the residence via ordinary mail. (July 20, 2023 Certificate of Returned Mail & July 25, 2023 Certificate of Returned Mail.)

{¶5} On September 7, 2023, the Treasurer filed a motion for default judgment claiming in part that neither named defendant filed an answer or leave to plead and seeking default judgment in favor of the Treasurer. The motion was served on Donald Cline and Donna Cline, as trustees, via regular mail. (September 7, 2023 Motion for Default Judgment.)

{¶6} On September 11, 2023, the successor trustee, Linda Haustman, filed a motion for leave to plead seeking 30 days to file an answer or otherwise defend the complaint. This motion states the original trustees are deceased; Linda Haustman is the successor trustee; and she recently retained counsel to represent the Trust. (September 11, 2023 Motion for Leave.)

{¶7} After the Trust's leave to plead was filed, but also on September 11, 2023, the trial court granted the Treasurer's motion for default judgment and issued a decree of foreclosure in the Treasurer's favor against the Trust. This judgment was manually date stamped. The judgment states it was "approved" by the prosecutor representing the Treasurer. This judgment does not indicate it was served on counsel for the Trust. The date of September 8, 2023 is handwritten below the judge's signature line. (September 11, 2023 Judgment Entry for Amount Due, Determining Priority of Liens, Ordering Foreclosure and Sale.)

{¶8} Three weeks later, the trial court issued a judgment entry and scheduling order. This order directed the parties to proceed with discovery. It also set forth summary judgment deadlines and set the case for a final pretrial and bench trial in March of 2024. The scheduling order indicates it was sent to counsel for the Treasurer and the attorney for the Trust. (October 3, 2023 Scheduling Order.)

{¶9} Three weeks after the issuance of the scheduling order, the Treasurer moved to vacate the scheduling order. The Treasurer claimed the order was issued as a result of a clerical error since it had already secured default judgment. The certificate of service for the Treasurer's motion to vacate states it was served on counsel for the Trust via email. (October 27, 2023 Motion to Vacate Scheduling Order.)

{¶10} Four days later, the trial court granted the motion and vacated the October 3, 2023 scheduling order. This judgment also canceled the dates and events set forth in the order. The trial court also stated therein: "As noted by Counsel for the Plaintiff, although granted an extension of time to plead until October 11, 2023, no further pleading has been filed as of this date on behalf of Linda Haustman, the reported Successor Trustee of the Cline Irrevocable Trust." This judgment indicates it was sent to counsel for the Treasurer as well as the attorney who filed the motion for leave to plead on behalf of the Trust. (October 31, 2023 Judgment.)

Case No. 24 CO 0019

**{¶11}** On November 2, 2023, the court issued a praecipe directing the clerk of courts to issue an order of sale and publish notice of sale of the property for three consecutive weeks. (November 2, 2023 Praecipe.) Proof of publication in the local newspaper was subsequently returned and filed. (December 6, 2023 Proof of Publication.)

**{¶12}** The subject property was sold on December 12, 2023 to David and Roberta Baker. The judgment entry confirming the sale of the parcel verifies the sale to the Bakers. In the judgment, the court ordered the liens to be released and directed the sheriff to issue a deed to the purchasers free and clear of all liens. This judgment states it was approved by counsel for the Treasurer. It does not indicate it was served on or sent to counsel for the Trust. (December 22, 2023 Judgment.)

**{¶13}** The Trust filed a motion to vacate in March of 2024 pursuant to Civ.R. 60(A) and (B). The Trust sought relief from three trial court judgments, i.e., the decisions issued September 11, 2023, October 31, 2023, and December 22, 2023, which are the judgments granting the Treasurer default judgment, the judgment vacating the court's scheduling order, and the trial court's order confirming the sale of the property. The Trust asked that these judgments be vacated and the sale of the property be set aside. The Trust's motion does not identify which subsection of Civ.R. 60(B) under which it sought relief. (March 12, 2024 Motion to Vacate.)

**{¶14}** For cause, the Trust contended neither Haustman nor counsel were served with a copy of the judgment of foreclosure, which was docketed the same date as the Trust's motion for leave to plead. Furthermore, after filing the motion for leave, counsel for the Trust received a copy of the scheduling order, which set forth deadlines and a trial date. Thus, counsel for the Trust inferred leave had been granted. Yet, counsel for the Trust also alleged he never filed an answer or other responsive pleading on the Trust's behalf since the Trust intended to redeem the property before the deadlines set forth in the scheduling order. Defense counsel also contends in the motion that he "indicated to counsel for Plaintiff that [the Trust] would be prepared to redeem the subject property within 'a few months.'" The motion, however, does not indicate how this information was communicated to counsel for the Treasurer. (March 12, 2024 Motion to Vacate.)

{¶15} Additionally, the Trust claims neither counsel nor Haustman received the judgment vacating the scheduling order. Counsel for the Trust further claims because the Trust did not know about the motion to vacate the scheduling order; the order of sale; or the confirmation of sale, the Trust erroneously relied on the scheduling order. The Trust contends this clerical error, i.e., the issuance of the scheduling order with notice to them, but without notice that this order was vacated, led the Trust to believe it had sufficient time to "gather the funds to redeem the property and cancel the foreclosure." The Trust also claims it only learned about the sale of the property after it occurred and when the notice to vacate was served on the occupants by the buyer. The Trust claims it was prepared to pay the necessary amount to redeem the property. (March 12, 2024 Motion to Vacate.)

{¶16} In opposition, the Treasurer urged the court to overrule the Trust's motion to vacate. It claimed the Trust failed to allege it had a meritorious defense or claim and the right to redeem is not a defense. The Treasurer further claimed the Trust failed to show excusable neglect or that it filed the motion for relief from judgment within a reasonable time, since the purchasers of the property have had a vested interest in the property for two months. (March 18, 2024 Response to Motion to Vacate.)

{¶17} The trial court overruled the motion to vacate. It held in part the Trust was granted leave to plead, but the Trust nevertheless failed to file an answer or otherwise defend the complaint. Moreover, the trial court emphasized the Trust failed to allege a meritorious defense if relief were to be granted, and thus, the first GTE prong was not satisfied.

{¶18} The trial court noted in a footnote that when reviewing the motion to vacate, the judge "discovered the original signed and approved Judgment Entry granting the leave to plead, which remains unfiled in the file of the Clerk. This Judgment Entry does not appear on the docket of this case." The court further concluded, "despite being granted an extension of time in which to 'plead or otherwise defend' against the Complaint[,]" the Trust has not filed an answer or other pleading. (May 3, 2024 Judgment.)

{¶19} Additionally, the trial court concluded the Trust failed to show it was entitled to relief from judgment based on any of the grounds listed in Civ.R. 60(B)(1) through (5).

The court noted the Trust failed to support its motion to vacate with any evidence showing it was actually the successor trustee. The court also emphasized the motion to vacate the scheduling order was served on the Trust and a copy of the judgment granting that motion was also served on the Trust. It concluded the Trust's reliance on the scheduling order did not relieve the Trust of its obligation to file an answer on or before October 11, 2023, and the other motions and judgments, including the sale of the property, were capable of being viewed via the court's online docket. Thus, the court found the Trust's continued reliance on the scheduling order, after it was vacated, does not demonstrate relief from judgment was warranted. (May 3, 2024 Judgment.)

Assignments of Error

{¶20} The Trust raises four assignments of error. Before addressing the assigned errors, we note the Trust's second, third, and fourth assignments are framed as if the Trust had filed a direct appeal. However, this is a direct appeal from the trial court's judgment denying the Trust's motion for relief from judgment. To the extent the Trust raises issues and challenges on other judgment(s) served on the Trust, we lack jurisdiction to address its arguments. Absent a timely notice of appeal within 30 days of the trial court's judgment, we lack jurisdiction to consider an argument challenging a trial court's decision. *Deutsche Bank Natl. Tr. Co. v. Lagowski*, 2012-Ohio-1684, ¶ 37 (7th Dist.), citing App.R. 4(A), and *Bartholomew Builders, Inc. v. Spiritos,* 2005-Ohio-1900, ¶ 32 (11th Dist.).

{¶21} To the extent the Trust raises arguments from the trial court decisions and final judgments from which the Trust was not served, we consider these arguments in connection with the Trust's first assigned error.

{¶22} The Trust's first assignment is its only assignment of error directly challenging the judgment denying its motion for relief from judgment. We address this assigned error last.

{¶23} We address the Trust's second assignment of error first. It asserts:

"[2.] The trial court erred in failing to rule upon Appellant's motion for leave to plead."

{¶24} The Trust argues the trial court violated Rule of Superintendence 40(3) by failing to rule on its motion for leave within 120 days. And because a court speaks only

through the record, the Trust claims the court should be precluded from relying on its purported granting of the Trust's leave to plead for the proposition that the Trust never filed an answer.

**{¶25}** As detailed in the statement of the facts, the Trust filed its motion for leave to plead after the Treasurer's motion for default judgment was filed but before default judgment was granted. The Trust was not subsequently served with the court's judgment granting default judgment. Notwithstanding, the court in its October 31, 2023 decision proceeds as if the Trust had been granted leave and in fact relies on this fact when granting the Treasurer's motion to vacate the scheduling order.

**{¶26}** As stated, the trial court granted the Treasurer's motion and vacated the October 3, 2023 scheduling order. The trial court states in part: "As noted by Counsel for the Plaintiff, although granted an extension of time to plead until October 11, 2023, no further pleading has been filed as of this date on behalf of Linda Haustman, the reported Successor Trustee of the Cline Irrevocable Trust." (October 31, 2023 Judgment.)

**{¶27}** The Treasurer counters the Trust waived this argument by failing to raise it to the trial court's attention. The Treasurer likewise claims the court granted the Trust's leave to plead based on the court's statement in its judgment granting the Treasurer's motion to vacate the October 2023 scheduling order.

**{¶28}** We review the decision whether to grant a motion for leave to plead for an abuse of discretion. Here, the trial court did not explicitly grant or deny the leave to plead.

**{¶29}** The superintendence rules instruct trial courts to rule on motions within 120 days. Sup.R. 40(A)(3). Nevertheless, the Rules of Superintendence set guidelines for the timely resolution of cases; they are not enforceable by litigants. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 8. Instead, Sup.R. 40(A)(3) sets forth the desired time for ruling on a motion, which can be used to assist an appellate court in determining whether a trial court acted in a timely manner when ruling on a motion. *State v. Henderson*, 2018-Ohio-5124, ¶ 70 (7th Dist.).

**{¶30}** The trial court proceeded as if it had granted the Trust leave to plead. The court explained how the judgment granting the Trust leave to plead was signed, but not filed with the clerk of courts. (May 3, 2024 Judgment.) In its motion to vacate, the Trust acknowledges proceeding as if leave were granted as well, but admittedly did not file an

answer or otherwise plead since it only intended to redeem, not defend the claims. (March 12, 2024 Motion to Vacate.)

**{¶31}** The trial court subsequently found the Trust failed to file an answer or otherwise plead. Although the Trust was not explicitly advised leave was granted, the trial court proceeded as if leave were granted via its October 3, 2023 scheduling order, which set forth summary judgment and discovery deadlines. The Trust acknowledged its receipt of the scheduling order and acknowledged it chose not to file a responsive pleading.

**{¶32}** In light of these facts, we disagree the court erred in failing to rule on the Trust's motion for leave to plead. The court gave the Trust notice and an opportunity to file an answer, but after three weeks, it had not. This argument does not support vacating the three trial court judgments.

**{¶33}** The Trust's third assigned error contends:

"[3.] The trial court erred in granting Appellee's motion for default judgment after failing to provide notice of a pending default application following an appearance by counsel for Appellant."

**{¶34}** The Trust urges us to find the trial court erred by granting default judgment in the Treasurer's favor when the Trust, as a party to the suit, never received the requisite seven-day notice, as required in Civ.R. 55. Without the requisite notice, the Trust claims the default judgment is void.

**{¶35}** Contrary to the Trust's argument, this court has held a judgment granting default judgment without notice to a party appearing in the case is voidable, not void. "[A] default judgment entered without prior notice to an appearing defendant, is voidable, subject to attack by a Civ.R. 60(B) motion to vacate." *Deutsche Bank Natl. Tr. Co. v. Lagowski*, 2012-Ohio-1684, ¶ 54 (7th Dist.).

**{¶36}** Civ.R. 55 states in part:

(A) Entry of Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; . . . . *If the party against whom judgment by default is sought has appeared in the action, he* (or, if

Case No. 24 CO 0019

appearing by representative, his representative) *shall be served* with written notice of the application for judgment at least seven days prior to the hearing on such application.

(B) Setting Aside Default Judgment. If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B).

(Emphasis added.)

**{¶37}**  By filing and serving its motion for leave to plead on the Treasurer, the Trust formally "appeared in the action," such that the Trust submitted to the court's jurisdiction. *Linder v. Community Dev. Assoc., Inc.*, 322 N.E.2d 337, 339 (1st Dist. 1974).  "[T]he filing of a motion requesting additional time to plead constitutes making an appearance before the court thus triggering [Civ.R. 55(A)]'s seven day notice requirement."  *Bank of New York v. Smith*, 2003-Ohio-4633, ¶ 9 (9th Dist.).

**{¶38}**  Thus, as the Trust claims, the trial court was required to give it seven days notice before entering judgment in favor of the Treasurer since the Trust expressed its intent to defend the suit.  Civ.R. 55(A); *accord Gagliardi v. Flowers*, 13 Ohio App.3d 238, 239 (11th Dist. 1984).

**{¶39}**  Furthermore, the record does not reflect the Trust was served with notice of the default judgment against it such that the Trust could have filed a direct appeal from that judgment.  *See Deutsche Bank Natl. Tr. Co. v. Lagowski*, 2012-Ohio-1684, ¶ 51 (7th Dist.).  However, the Trust's motion to vacate did not raise this issue to the trial court.

**{¶40}**  As an appellate court, our review is limited to the issues actually raised to and decided by the trial court.  *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21 (reversing the Eighth Appellate District's decision addressing res judicata on the merits for the first time on appeal); *Tree of Life Church v. Agnew,* 2014-Ohio-878, ¶ 27-28 (7th Dist.) (declining to consider the merits of summary judgment arguments not raised to the trial court); *Gonzales v. Perez*, 2015-Ohio-1282, ¶ 17 (7th Dist.) (declining to address argument raised for the first time on appeal.)  Despite the likely lack of compliance with the seven-day notice requirement, this argument does not support the Trust's first assigned error, which seeks relief from judgment.

**{¶41}**  The Trust's fourth assigned error contends:

"[4.] The trial court erred in foreclosing Appellant's rights of redemption without due process of law."

**{¶42}** The Trust claims it was denied the right to due process because it was not served with the judgment entry of foreclosure or the judgment vacating the scheduling order. Thus, it was denied the opportunity to exercise its right to redemption before the order confirming the sale of the property was issued.

**{¶43}** In opposition, the Treasurer contends there was no due process violation since the Trust received notice of the scheduling order, the motion to vacate the scheduling order, and the judgment vacating it. The Treasurer likewise argues at the time the Trust filed its motion for leave to plead, the court had already entered default judgment against it. Last, the Treasurer claims the Trust's argument fails because it never attempted to pay the delinquent real estate taxes and redeem the property.

**{¶44}** As stated, the Trust did not receive notice of the default judgment entry of foreclosure or the order confirming the sale. The record does, however, show it was served with the Treasurer's motion to vacate the scheduling order and the judgment granting it. Thus, to the extent the Trust contends it was denied due process with regard to the court's decision vacating the scheduling order, we disagree.

**{¶45}** The Trust did *not* receive notice of the default judgment entry of foreclosure or the order confirming the sale. However, as the trial court found, the Trust's reliance on the scheduling order did not relieve the Trust of the obligation to file an answer. Thereafter, the other motions and judgments were viewable via the court's online docket.

**{¶46}** A debtor's "right to redeem is viable throughout the duration of foreclosure proceedings until confirmation of the sale." *Trumbull Twp. Bd. of Trustees v. Rickard*, 2019-Ohio-2502, ¶ 37 (11th Dist.), citing *Bates v. Postulate Invests., L.L.C.*, 2008-Ohio-2815, ¶17 (8th Dist.); *Reed v. Radigan*, 42 Ohio St. 292 (1884).

**{¶47}** R.C. 2329.33, *Redemption by judgment debtor*, provides in part,

at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money

from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above the judgment creditor's claim.

**{¶48}** The trial court did not issue the confirmation of sale until December 22, 2023—102 days after the Trust's September 11, 2023 leave to plead was filed. The Trust could have proffered the funds to redeem during this time. *Id.* It did not. Thus, this argument does not support vacating the trial court's judgments.

**{¶49}** The Trust's first assigned error asserts:

"[1.] The trial court erred [and] abused its discretion in failing to grant Appellant's motion to vacate pursuant to Civ.R. 60(B)."

**{¶50}** The Trust claims it construed the subsequently issued scheduling order as the court's decision to allow the case to proceed on its merits. Thus, the Trust allegedly relied on the scheduling order as extending the time to exercise its right to redeem the property. Thereafter, however, the Trust contends the court vacated the scheduling order, canceled the pretrial and trial dates, and reinstated its default judgment without notice to the Trust.

**{¶51}** The Trust alternatively argues its leave to plead was never formally ruled upon, and as such, it would have been premature to file its answer. Thus, the Trust claims either way the court abused its discretion by denying the Trust's motion to vacate in light of the circumstances of this case.

**{¶52}** In opposition, the Treasurer contends the Trust failed to establish a meritorious defense; failed to show excusable neglect for its failure to file an answer; and failed to move for relief from judgment within a reasonable time. The Treasurer claims since the property was sold and transferred to the new owners in January of 2024 and the Trust's motion was not filed until March of 2024, the motion for relief from judgment was untimely.

**{¶53}** The disposition of a Civ.R. 60(B) motion lies within the sound discretion of the trial court, and the ruling will not be reversed on appeal absent an abuse of that discretion. *Cermak v. Cermak*, 126 Ohio App.3d 589, 598 (1998). The term abuse of discretion is one of art, connoting judgment exercised by a court which neither comports with reason nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676-678 (1925).

**{¶54}** Civ.R. 60 states in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

**{¶55}** To prevail on a motion under Civ.R. 60(B), the movant must establish each of the following:

> (1) the party has a meritorious defense or claim to present if relief is granted;
> (2) the party is entitled to relief under one of the grounds stated in Civ.R.
> 60(B)(1) through (5); and (3) the motion is made within a reasonable time,
> and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more
> than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec. Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The failure to establish one prong ends the inquiry.

**{¶56}** The burden of proof lies with the movant. "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." (Citation omitted.) *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996).

**{¶57}** The Trust's March 12, 2024 Motion to Vacate does not identify under which prong it sought relief. It contends that upon filing its September 11, 2023 leave to plead and its subsequent receipt of the October 23, 2023 Scheduling Order, the Trust believed it was granted leave to plead. Notwithstanding, the Trust acknowledges not filing an answer or otherwise pleading. Instead, the Trust planned to ignore its obligation to file a responsive pleading and "calendared the same for the purpose of preserving Defendant's right of redemption." The Trust stated in its motion "there was an expectation that the property would be redeemed prior to the deadlines set in the scheduling order, and if it was not so redeemed, Defendant did not intend to defend the case further." Further, counsel for the Trust alleged he advised the attorney for the Treasurer that "Plaintiff would be prepared to redeem the subject property within a 'few months.'" (March 12, 2024 Motion to Vacate.)

**{¶58}** The Trust further claimed neither it nor its counsel were served with the motion or judgment vacating the scheduling order. Additionally, the Trust alleged it was

unaware that an order of sale and confirmation of sale were ordered. Instead, the Trust claimed it was relying on the scheduling order "in preparing to redeem the property under the laws of Ohio." Finally, the Trust claimed it was "prepared to pay the necessary amount to redeem the property." (March 12, 2024 Motion to Vacate.)

**{¶59}** The Trust quoted both Civ.R. 60(A) and (B) in its motion, but did not identify under which prong it sought relief. The Trust likewise did not present evidence in support of its motion. The Trust argued it would be unjust to deny it the opportunity to redeem since neither it nor its counsel were aware of the motion to vacate the scheduling order. The Trust contended it relied on the scheduling order to its detriment and did not learn about the sale until a notice to vacate was served on the occupants by the buyer. (March 12, 2024 Motion to Vacate.)

**{¶60}** Conversely, the Trust now contends it is entitled to relief from judgment since the judgments stem from a default judgment granted in error and when the Trust had entered an appearance by filing a leave to plead, which was never ruled on. The Trust claims "[i]t would have been premature for [it] to file an answer prior to the Court's ruling on such motion [for leave]." The Trust further asserts its right to redeem the property is a meritorious defense and the court's decision is arbitrary, unreasonable, and unconscionable. (September 16, 2024, Appellant's Brief.)

**{¶61}** Since the Trust does not identify which prong under which it sought relief from judgment, we consider the merits under Civ.R. 60(B)(1), which allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect.

**(1) the party has a meritorious defense or claim to present if relief is granted**

**{¶62}** The Trust claims its meritorious defense or claim was its intent to redeem the property before the dates set forth in the trial court's October scheduling order. The Treasurer, on the other hand, claims the right to redeem property subject to foreclosure is not a meritorious defense for Civ.R. 60(B) purposes.

> "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case.' . . . Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment

aside." *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 WL 288912, *2-3 (Jun. 5, 1998), quoting *Black's Law Dictionary*, 290 (6th Ed.Rev.1991); *see also Herring* at ¶ 32 (quoting the same).

*Nationstar Mtge., LLC v. Abston*, 2019-Ohio-3003, ¶ 14 (2d Dist.).

**{¶63}** As the Treasurer contends, the Ohio Supreme Court has stated: "[t]he right to redeem is not a defense to a foreclosure proceeding or a sale, but rather is an action that must be brought by the mortgagor." *Hausman v. Dayton*, 73 Ohio St.3d 671, 677 (1995). However, *Hausman* did not involve a motion for relief from judgment. The *Hausman* Court was analyzing whether the right to redeem was a setoff subject to waiver. The court stated:

> The right of redemption is not a debt owed to the mortgagor by the mortgagee [such that it could constitute a setoff], but rather is a mortgagor's right to take prescribed action to satisfy a debt secured by a mortgage. Therefore, the right of redemption cannot be construed as a setoff, and by waiving its right to exert a setoff, J.V. Properties did not extinguish its right to redeem.

*Id.*

**{¶64}** Further, courts, including this one, have addressed appeals from Civ.R. 60(B) motions in which the claimed meritorious defense was the right to redeem the property, albeit in dicta. *See Nationsbanc Mtge. Corp. v. Jones*, 2001-Ohio-3227 (7th Dist.) (considering the right to redeem as mortgagor's meritorious defense); *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651, ¶ 20-21 (7th Dist.) ("As a meritorious defense, Appellant states he was prepared to file for bankruptcy prior to the sale which would have halted the sale and allowed him to attempt to redeem the property through bankruptcy."); and *Treasurer of Lucas Cnty. v. Mt. Airy Investments Ltd.*, 2019-Ohio-3932, ¶ 10 (6th Dist.) (claimed meritorious defense was the right to redeem). *But see Fifth Third Bank, Natl. Assn. v. Audia*, 2024-Ohio-3374, ¶ 37 (11th Dist.) (concluding, without citation or analysis, that the right to redeem is not a meritorious defense for Civ.R. 60(B) purposes).

**{¶65}** Thus, we disagree with the Treasurer's argument in this regard and conclude this prong was satisfied.

**(2) mistake, inadvertence, surprise or excusable neglect**

**{¶66}** Excusable neglect has been defined in the negative: excusable neglect does not exist if the defendant's inaction indicates a complete disregard for the judicial system. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). The determination of whether neglect is excusable or inexcusable must take into consideration all surrounding facts and circumstances. *Id.*

**{¶67}** As detailed in the Trust's second, third, and fourth assignments of error, the Trust filed its leave to plead after the motion for default judgment was filed but before it was granted. Thereafter, the court did not explicitly rule on the motion. Several weeks later, however, the court issued a scheduling order, which made defense counsel believe leave had been granted.

**{¶68}** The record reflects defense counsel was served with the scheduling order but was not served with the motion for default judgment. Thereafter, the Treasurer moved to vacate the scheduling order in light of the default judgment being granted in its favor. The record reflects this motion to vacate and the judgment granting it were served on counsel for the Trust, yet the Trust did not file a response to the motion or an answer.

**{¶69}** Thereafter, the property was ordered to be sold. The court issued a judgment of foreclosure and later a judgment confirming the sale. The Trust was not served with either of these judgments. Three months later, the Trust filed its motion to vacate the three trial court decisions, i.e., the judgments granting the Treasurer default judgment, vacating the court's scheduling order, and the order confirming the sale of the property.

**{¶70}** A motion to set aside an entry of default judgment should be granted where the record does not show that a defendant who sought leave to file an answer was served with written notice of a pending motion for default judgment. *Linder v. Community Dev. Assoc., Inc.*, 322 N.E.2d 337, 339 (1st Dist. 1974). The trial court likely granted the Treasurer default judgment in violation of Civ.R. 55(A) after the Trust entered an appearance in the case. However, and as stated, the Trust did not raise this argument to the trial court in its motion to vacate.

**{¶71}** Despite likely errors by the court, we nevertheless conclude relief is not warranted in light of the facts. The Trust believed it was granted leave to plead based on

the court's issuance of the scheduling order. Yet it did not file an answer. Further, the Treasurer's subsequent motion to vacate highlighted the lack of answer, and the court also noted the Trust's lack of answer in its October 31, 2023 judgment granting relief from the scheduling order. Both the Treasurer's motion to vacate and the court's judgment granting it indicate they were delivered to counsel for the Trust. The Trust did not file a responsive pleading and did not proffer the funds to redeem.

**{¶72}** Parties have a duty to check the docket and stay abreast of the status of a case. *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651, ¶ 32 (7th Dist.); *Harris v. Rossi*, 2018-Ohio-4573, ¶ 50 (11th Dist.). The Trust's failure to do so, coupled with its failure to file an answer when it thought leave was granted, shows indifference to the legal process, which runs contrary to affording it relief from judgment. *See E. Grace Communications, Inc. v. BestTransport.com, Inc.*, 2002-Ohio-7175, ¶ 15-19 (7th Dist.) (declining to find defendant's failure to file an answer constitutes excusable neglect or inadvertence when the complaint was misplaced).

**{¶73}** Moreover, the Trust claims it intended to redeem the property and it was gathering the funds to redeem the property. Upon considering all surrounding facts and circumstances, the Trust had ample notice to defend and opportunity to redeem the property. It should have tendered the funds and redeemed or protected the record by filing an answer until it had the requisite funds. A party's right to redeem does not absolve it from answering according to rule. *See* Civ.R. 12(A).

**{¶74}** Relief from judgment may be properly denied where "'the judgment resulted from deliberate action, or the moving party or his attorney made an informed choice, but not the best choice.'" *Antonopoulos v. Eisner*, 30 Ohio App.2d 187, 194 (8th Dist. 1972), quoting *Dal International Trading Co. v. Sword Line, Inc.*, 286 F.2d 523, 525 (C.C.A. 2, 1961). The trial court did not abuse its discretion since counsel made an informed choice not to file an answer. This is not the extraordinary or unusual case requiring relief from the unjust operation of a judgment under Civ.R. 60(B)(5). Thus, we find this prong was not satisfied and end our analysis.

**{¶75}** Last, as far as the Trust's request to vacate the October 31, 2023 judgment vacating the scheduling order, we note this is an interlocutory order, and as such Civ.R. 60(B) relief is inapplicable and not available. *White Stag Aircraft Leasing U.S. LLC v. JP*

Case No. 24 CO 0019

*Morgan Chase Bank, N.A.*, 2021-Ohio-1245, ¶ 14 (7th Dist.) (a Civ.R . 60(B) motion may only be directed to final judgments).

**{¶76}** The Trust's first assignment of error lacks merit and is overruled.

<u>Conclusion</u>

**{¶77}** The Trust's assignments of error lack merit.  The trial court's judgment is affirmed.

Waite, J., concurs.

Dickey, J., concurs.

<u>Case No. 24 CO 0019</u>

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**